United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50297
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE GUILLERMO CASTANON,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-659-1-DB
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rene Guillermo Castanon appeals from his conviction of possessing with intent to distribute methamphetamine. Castanon, for the first time on appeal, contends that the adjustments to his offense level violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and constituted plain error. Castanon correctly concedes that his argument is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464 (2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), but he raises the issue to preserve it for further review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castanon contends that the district court erred by not awarding him a two-level "safety-valve" adjustment; by adjusting his offense level for an aggravating role; and by failing to adjust his offense level for a mitigating role. Castanon argues that his waiver of the right to appeal his sentence was unknowing and involuntary because he suffered from unspecified psychiatric problems.

The record indicates that Castanon's waiver was knowing and voluntary. See United States v. Robinson, 187 F.3d 516, 518 & n.2 (5th Cir. 1999). The record does not support Castanon's assertion that he was impaired by a psychiatric condition. Because Castanon waived the right to appeal his sentence, we do not address his contentions regarding application of the sentencing guidelines.

AFFIRMED.